UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX TAPIA,

                    Plaintiff,

        -against-                                           1:25-CV-3087 (LTS)

CITY OF NEW YORK, et al.,                                        ORDER

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Felix Tapia, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), filed

this action while he was held in the Otis Bantum Correctional Center on Rikers Island. He has

filed many requests concerning being represented by counsel or proceeding further in this action

(ECF 6, 7, 8, 9, 10, 11, 12, 13, 13, 14, 15, 16), including two applications for the court to request

*pro bono* counsel (ECF 7, 9). For the reasons discussed below, the Court denies all such requests

and applications.

        This action is being reviewed pursuant to the screening requirements laid out in the IFP

statute, 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and in the Prison Litigation Reform Act ("PLRA"), 28

U:S.C. § 1915A(a)-(b).[1] Thus, under the IFP statute, before this action can proceed further, the

district court must determine whether the action shall be dismissed (1) as frivolous or malicious,

(2) for failure to state a claim on which relief may be granted, or (3) because the action seeks

monetary relief from a defendant immune from such relief. *See* §1915(e)(2)(B)(i)-(iii); *Johnson*

*v. Law Offices of Jennifer S. Adams*, No. 1:19-CV-6272 (LLS), 2019 WL 3080851, at *2 n.3

---

[1] PLRA screening occurs when a prisoner files a "complaint in a civil action in which . . . [he] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

(S.D.N.Y. July 15, 2019) ("When a plaintiff proceeds IFP, before issuing a summons for any defendant, the Court must screen the complaint and dismiss claims that are frivolous, malicious, or fail to state a claim."), *appeal dismissed as frivolous*, No. 19-2235, 2019 WL 7602345 (2d Cir. Oct. 23, 2019). Civil actions screened under the PLRA are subject to the same requirements. § 1915A(a)-(b); *see Braithwaite v. Tropea*, No. 23-CV-1431, 2023 WL 2329856, at *1 n.1 (E.D.N.Y. Mar. 2, 2023) ("If Plaintiff's Complaint survives Section 1915A screening, Defendants will be served with summonses and the Complaint.").

With respect to Plaintiff's applications for the court to request *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of his claims, his efforts to obtain a lawyer, and his ability to gather the facts and present his case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, merits consideration is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Furthermore, even if a court does believe that a litigant should have a *pro bono* lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because this action is still undergoing the abovementioned statutory review, it is too early to determine whether the Court should request *pro bono* counsel to represent Plaintiff in this action or whether the Court should grant Plaintiff's other requests. Accordingly, the Court denies Plaintiff's applications for the court to request *pro* bono counsel (ECF 7, 9) without prejudice to Plaintiff's filing another such application at a later stage of the litigation. The Court also denies Plaintiff's other requests. (ECF 6, 8, 10, 11, 12, 13, 14, 15, 16.)

**CONCLUSION**

For the reasons discussed above, the Court denies Plaintiff's applications for the court to request counsel and his other pending requests. (ECF 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16.)

The Court directs the Clerk of Court to terminate ECF 7 and 9.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 9, 2026
   New York, New York

        /s/ Laura Taylor Swain
         LAURA TAYLOR SWAIN
       Chief United States District Judge