UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX TAPIA,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, et al.,<br><br>Defendants. | 1:25-CV-3087 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Felix Tapia, who is proceeding *pro se*, commenced this action while held in the Otis Bantum Correctional Cetner ("OBCC") on Rikers Island. By order dated February 9, 2026, and entered February 10, 2026, the Court denied Plaintiff's applications for the court to request *pro bono* counsel and other requests. (ECF 17.) On February 11, 2026, the Clerk of Court mailed a copy of that order to Plaintiff at the OBCC. On or about March 9, 2026, United States Postal Service returned that mailing to the court with the following instruction: "Return to Sender." The Court has learned that Plaintiff is no longer in custody; according to the New York State Department of Corrections and Community Supervision's "parolee lookup" website search engine, https://publicapps.doccs.ny.gov/ParoleeLookup/default, Plaintiff was discharged from parole supervision on June 1, 2026. Plaintiff has not notified the court as to a change in his mailing address.

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Moreover, a standing order of this court provides that "[i]t is a party's obligation to provide an address of record. . . . Accordingly, all self-represented litigants are

hereby ORDERED to inform the court of each change in the their address or electronic contact information." *In Re: Pro Se Litigation*, No. 24-MC-127 (LTS) (S.D.N.Y. Aug. 19, 2026); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.").

Accordingly, the Court directs Plaintiff, within 30 days of the date of this order, to complete, sign, and submit a Notice of Change of Address form with his current contact information. In the alternative, Plaintiff may complete, sign, and submit a form consenting to accept electronic service of court documents in this action. Copies of these forms are attached. If Plaintiff submits the Notice of Change of Address or Consent to Electronic Service form, it must be labeled with docket number 1:25-CV-3087 (LTS).

No further action will be taken in this action, and no summonses shall issue at this time. If Plaintiff complies with this order, this action will be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to Plaintiff's refiling it.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff's last known address. This order will also be viewable on the court's electronic docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 6, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge